# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL V. LANE, | Case No. 3:22-cv-00024-LRH-CLB |
| Petitioner, | |
| v. | **ORDER** |
| STATE OF NEVADA, *et al.*, | |
| Respondents. | |

Petitioner Michael Lane, a *pro se* Nevada prisoner, has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing an application for leave to proceed *in forma pauperis* ("IFP"). He submitted a Petition for Writ of Habeas Corpus (ECF No. 1-1) under 28 U.S.C. § 2254, but he did not pay the $5 filing fee or submit an IFP application.

Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The court may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he or she submits an IFP application on the approved form and includes three specific documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a financial certificate signed by the prisoner and an authorized prison official, and (c) a copy of the prisoner's account statement for the six-month period prior to filing. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

Petitioner will have 45 days from the date of this order to either pay the $5 filing fee or submit a complete IFP application with all required documentation.

Turning to the petition, Local Rule LSR 3-1 requires Petitioner to file his petition on the Court's required § 2254 petition form. Petitioner must use the required form to state his claims in order to provide the court with necessary information to conduct preliminary review of the petition. Accordingly, Petitioner must file an amended petition on the Court's form within 45 days of the date of this order. Petitioner must clearly title the amended petition as such by writing the word

1

"AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption, and he must place the case number, 3:22-cv-00024-LRH-CLB, in the designated space. Under Local Rule 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court. Any claims or allegations that are left out of the amended petition or that are not re-alleged will not be considered.

**IT IS THEREFORE ORDERED:**

1. The initial screening of Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) under the Rules Governing Section 2254 Cases is deferred to until such time as he has fully complied with this order.

2. The Clerk of Court is instructed to send Petitioner (i) a blank form IFP application for incarcerated litigants with instructions, and (ii) a blank form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with instructions.

3. **Within 45 days of the date of this order**, Petitioner must file an IFP application that includes a: (a) financial certificate signed by Petitioner and an authorized prison official, (b) financial declaration and acknowledgement signed by Petitioner, and (c) copy of Petitioner's inmate account statement for the six-month period prior to filing. Alternatively, Petitioner must pay the $5 filing fee within 45 days. If Petitioner decides to pay the filing fee from his inmate account, he must arrange to have a copy of this order attached to the check for the filing fee.

4. Petitioner's failure to comply with this order within 45 days by (a) filing an amended petition, and either (b) submitting a complete IFP application, or (c) paying the filing fee will result in the dismissal of this action without prejudice and without further advance notice.

DATED this 10th day of February 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE