UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL V. LANE, | Case No. 3:22-cv-00024-LRH-CLB |
| Petitioner, | |
| v. | **ORDER** |
| STATE OF NEVADA, *et al.*, | |
| Respondents. | |

Petitioner Michael V. Lane has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter comes before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the petition is dismissed for failure to state a cognizable claim.

**BACKGROUND**

Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Michael V. Lane*, Case No. 10C261085.[2] Petitioner pled guilty to murder with use of a deadly weapon, robbery with use of a deadly weapon, and attempt murder with use of a deadly weapon. On June 3, 2015, the state court entered a judgment of conviction and sentenced him to life without parole. Petitioner represents that he did not file a direct appeal and did not file a state habeas petition. Petitioner initiated the instant federal habeas proceedings on January 13, 2022. ECF No. 1.

///

///

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

**DISCUSSION**

I.   **IFP Application**

Petitioner has requested permission to proceed *in forma pauperis* ("IFP") (ECF No. 5), meaning without paying the standard five dollar ($5.00) filing fee. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 fee is required to initiate a habeas action in a federal district court. The Court may authorize a prisoner to begin a habeas action without paying the fee if he or she submits an IFP application on the approved form along with the appropriate supporting documentation: (1) a financial certificate signed by an authorized prison official, (2) a copy of the prisoner's trust account statement for the six-month period prior to filing, and (3) a financial affidavit and acknowledgement signed by the prisoner showing an inability to prepay fees and costs or give security for them. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

The Court has considered Petitioner's IFP application along with the attached financial documents and concludes that he cannot pay the $5.00 filing fee. The IFP application will therefore be granted.

II.  **Petitioner's Claim**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Petitioner asserts that he is a citizen of England in the United Kingdom. ECF No. 1 at 3. Petitioner alleges that he is "illegally held" pursuant to NRS § 171.010 because he is a foreign national citizen. *Id.* He further alleges that he should be deported as NRS § 171.010 "has no legal jurisdiction to try or convict foreign national citizens." *Id*. In addition, Petitioner asserts that he requested a transfer to Canada and attached correspondence stating that his application for transfer remains active and in process. *Id.* at 29-30.

The petition fails to allege a cognizable federal habeas claim. The Antiterrorism and

Effective Death Penalty Act (AEDPA) "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim." *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993).

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (federal courts may not reexamine state court decisions on state law issues). A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

To the extent that Petitioner challenges his conviction based on the allegation that the Nevada state courts lack jurisdiction by way of NRS § 171.010, he presents an issue of state law. Clearly, it is not the province of a federal habeas court to reexamine state-court determinations on issues of state law. *See Estelle*, 502 U.S. at 67–68. Although Petitioner mentions "due process" in the petition, his claim presents no federal question because it plainly involves the application or interpretation of state law regarding jurisdiction. *See Swarthout v. Cooke*, 562 U.S. 216, 220–22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"). Petitioner's claim is a question of state law and therefore is not cognizable in federal habeas corpus proceedings.

**IT IS THEREFORE ORDERED:**

1. Petitioner Michael V. Lane's Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.
2. A certificate of appealability is denied as reasonable jurists would not find dismissal of this action on the grounds set forth above to be debatable or wrong.
3. Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 5) is GRANTED.

4.  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will add Nevada Attorney General Aaron D. Ford as counsel for Respondents. No response is required from Respondents other than to respond to any orders of a reviewing court.

5.  The Clerk of Court will informally serve the Nevada Attorney General with the petition and this order by sending a notice of electronic filing to the Nevada Attorney General's office.

6.  The Clerk of Court is further directed to enter final judgment, accordingly, dismissing this action without prejudice, and close this case.

DATED this 18th day of March 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE