# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL V. LANE,

        Petitioner,

v.

STATE OF NEVADA, *et al.*,

        Respondents.

Case No. 3:22-cv-00024-LRH-CLB

**ORDER**

    This closed *pro se* habeas petition comes before the Court on Petitioner's (1) request for appointment of counsel (ECF No. 8); (2) motion for rehearing (ECF No. 9), and (3) "Proposed Application for a Certification of Question(s) of Law Pursuant to the F.R.A.P. 44(B) Constitutional Challenge to State Law N.R.S. 171.010" (ECF No. 12). For the reasons discussed below, Petitioner's request, motion, and application will be denied.

    Petitioner alleges the State of Nevada lacks jurisdiction to punish him for his convictions because he is a citizen of the United Kingdom. (ECF No. 1). The Court dismissed the petition because Petitioner's claim concerns the interpretation of state law, i.e., N.R.S. § 171.010, and otherwise fails to allege a cognizable federal habeas corpus claim. (ECF No. 6.)

    Petitioner's motion for rehearing (ECF No. 9) was filed within 28 days of the Court's order dismissing the petition and will therefore be treated as a motion brought under Rule 59(e) of the Federal Rules of Civil Procedure. *See Rishor v. Ferguson,* 822 F.3d 482, 489–90 (9th Cir. 2016) (holding a district court properly construed a post-judgment motion for reconsideration, filed within 28 days of entry of judgment, as a motion to alter or amend the judgment under Federal Rule of Civil Procedure Rule 59(e)).

    A district court may grant a Rule 59(e) motion if it "'is presented with newly discovered evidence, committed *clear error,* or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121, (9th Cir. 2014) (citations omitted); *see also Banister v. Davis*, 140 S. Ct. 1698, 1703 n.2 (2020) (acknowledging "it is rare" for newly discovered

evidence or intervening changes in the law to emerge within Rule 59(e)'s strict 28-day timeframe and "courts will not address new arguments or evidence that the moving party could have raised before the decision issued.").

Petitioner claims the Court overlooked and misapprehended law and facts he alleged in the petition. (ECF No. 9.) Petitioner presents neither newly discovered evidence nor an intervening change in controlling law. Petitioner's motion rehashes the arguments presented in his petition and does not present facts or legal authority that the Court overlooked or misapprehended in ruling that Petitioner's claim is not cognizable in federal habeas corpus but is, instead a claim that calls for the interpretation of state law. (ECF No. 6 at 3.) Petitioner submits additional exhibits that could have been presented before the Court's decision dismissing the petition. The additional exhibits do not change the Court's conclusion that Petitioner alleges a state law claim and fails to state a cognizable claim for federal habeas corpus relief.

For the foregoing reasons, the Petitioner's motion will be denied.[1]

**IT IS THEREFORE ORDERED** that Petitioner's motion to alter or amend the judgment (ECF No. 9) is DENIED.

**IT IS FURTHER ORDERED** that Petitioner's Proposed Application for a Certification of Question(s) of Law Pursuant to the F.R.A.P. 44(B) Constitutional Challenge to State Law N.R.S. 171.010 (ECF No. 12) is DENIED.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel (ECF No. 8) is DENIED as moot.

DATED this 3rd day of October 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner's Application under Fed. R. App. P. 44(b) (ECF No. 12) will be denied as inapplicable to this proceeding because the State of Nevada is a named Respondent in the petition. (ECF No. 1.) *See* Fed. R. App. P. 44(b) ("If a party questions the constitutionality of a statute of a State in a proceeding in which that State or its agency, officer, or employee is not a party in an official capacity, the questioning party must give written notice to the circuit clerk immediately upon the filing of the record or as soon as the question is raised in the court of appeals. The clerk must then certify that fact to the attorney general of the State.").